## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **SYNDICATE SALES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:10-cv-545-WTL-DML** |
| | ) | |
| **GARCIA GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ENTRY ON MOTION TO DISMISS OR STAY

Before the Court is the Defendant's Motion to Dismiss or Stay (Docket No. 17).  This

motion is fully briefed, and the Court being duly advised, now **GRANTS** the Defendant's

motion to dismiss for the reasons set forth below.

## I.  LEGAL STANDARD

The Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201(a), provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United
> States, upon the filing of an appropriate pleading, may declare the rights and other
> legal relations of any interested party seeking such declaration, whether or not
> further relief is or could be sought.  Any such declaration shall have the force and
> effect of a final judgment or decree and shall be reviewable as such.

District courts are not required to exercise declaratory judgment jurisdiction.  Instead,

they have "'unique and substantial discretion' to decline that jurisdiction." *Elecs. for Imaging,*

*Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S.

277, 286 (1995)).  "The use of discretion is not plenary, however, for '[t]here must be well-

founded reasons for declining to entertain a declaratory judgment action.'"  *Id.* (quoting *Capo,*

*Inc. v. Dioptics Med. Prods.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004)).  When denying declaratory

judgment jurisdiction, "[f]ederal courts must act 'in accordance with the purposes of the

Declaratory Judgment Act and the principles of sound judicial administration.'" *Id.* (quoting *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996)).  In patent cases, the purpose of the Act "'is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights.'" *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) (quoting *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987)).

## II.  BACKGROUND

Both the Plaintiff, Syndicate Sales, Inc. ("SSI"), and the Defendant, Garcia Group, Inc. ("Garcia"), sell glass vases to commercial florists.  The parties' current dispute centers around one particular urn-shaped, eight-sided, glass vase that Garcia sells under the trademarked name, Octagonia.

In March 2009, Garcia sued SSI for copyright infringement and unfair competition.  This suit (the "Copyright Suit") was filed in the United States District Court for the Northern District of Georgia.  SSI moved to dismiss the Copyright Suit on April 27, 2009.  That motion remains pending before the Georgia court.

On April 27, 2010, the U.S. Patent and Trademark Office issued Garcia two design patents (numbers D614,530 and D614,531).  Patent number '530 is for the Octagonia vase.  Also on April 27, 2010, Garcia filed notice with the Georgia court stating that it intended to file a patent infringement claim against SSI.  In the notice, Garcia sought SSI's consent to amend the complaint in the Copyright Suit to add a patent infringement claim.  Instead of consenting to Garcia's amendment, SSI filed the instant declaratory judgment action (the "Declaratory Judgment Suit") on April 30, 2010, in the United States District Court for the Southern District

of Indiana.  The Declaratory Judgment Suit seeks a ruling that: (1) SSI has not infringed any of

Garcia's patents; (2) Garcia's patents are invalid; and, (3) Garcia's patents are unenforceable.

     In response to SSI's Declaratory Judgment Suit, Garcia filed a motion to amend the

Copyright Suit on May 3, 2010.  On May 21, 2010, Garcia filed a separate patent infringement

suit (the "Patent Suit") in the Northern District of Georgia.  Shortly thereafter, Garcia filed this

motion to dismiss SSI's Declaratory Judgment Suit.

### III.  DISCUSSION

     Because SSI's Declaratory Judgment Suit arises under the patent laws, this Court's

jurisdiction is based, in part, on 28 U.S.C. § 1338.  As a result, the Federal Circuit has exclusive

appellate jurisdiction over this decision.  *See Biotechnology Indus. Org. v. District of Columbia*,

496 F.3d 1362, 1367 (Fed. Cir. 2007).  Thus, Federal Circuit precedent, and not Seventh Circuit

precedent, is controlling.

     Although some circuit courts apply a rule whereby declaratory judgment actions seeking

declarations of noninfringement give way to later-filed suits alleging actual infringement, the

Federal Circuit has expressly rejected this rule.  As the court explained in *Genetech, Inc. v. Eli

Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) *abrogated by Wilton*, 515 U.S. at 289, "[s]uch a

rule would automatically grant the patentee the choice of forum, whether the patentee had sought

– or sought to avoid – judicial resolution of the controversy."

     Instead, the Federal Circuit applies "the general rule whereby the forum of the first-filed

case is favored, unless considerations of judicial and litigant economy, and the just and effective

disposition of disputes, require otherwise."  *Genetech*, 998 F.2d at 937.  This first-filed rule

"favors the forum of the first-filed action, whether or not it is a declaratory action."  *Id.*  The

*Genetech* court emphasized that "[t]he considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action." *Id.* at 938.  "When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Id*.

Of course, exceptions to the first-filed rule are "made when justice or expediency requires, as in any issue of choice of forum." *Genetech*, 998 F.2d at 937.  And, as the *Genetech* court noted, such exceptions are "not rare." *Id.*  Factors including: "convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest," as well as "conservation of judicial resources and the comprehensive disposition of litigation," are used to determine the proper forum. *Id*. at 938.  The use of these factors has become much more prevalent following the Supreme Court's decision in *MedImmune Inc. v. Genetech Inc.*, 549 U.S. 118 (2007).  Following *MedImmune*, which made it somewhat easier to obtain a declaratory judgment in a patent case, the Federal Circuit has urged trial courts to consider the "convenience factors" in cases with competing forum interests.  *Micron*, 518 F.3d at 902-03.

In the instant case the parties dispute which lawsuit – the Copyright Suit, the Declaratory Judgment Suit, or the Patent Suit – was filed first.  Having reviewed the parties' submissions, the Court does not believe that this is a close call.  The first patent suit filed was the Declaratory Judgment Suit.  However, because this case presents a declaratory judgment action with an infringement action filed shortly thereafter, and because of the competing forum interests, the

Court will not "not reach a decision based on any categorical rules." *Micron*, 518 F.3d at 904. Instead, the Court will apply the convenience factors to determine the appropriate forum.

Based on Federal Circuit precedent, the Court concludes that the convenience factors include: (1) whether a party intended to preempt another's infringement suit; (2) the convenience and availability of witnesses; (3) the presence or absence of jurisdiction over all necessary or desirable parties; (4) the possibility of consolidation with related litigation; (5) other considerations relating to the real party in interest; and (6) preservation of scarce judicial resources. *See Elecs. for Imaging,* 394 F.3d at 1347-48.  Although this is not an exhaustive list, it is still helpful when determining the appropriate forum.

With respect to the first factor, Garcia vigorously argues that SSI filed its Declaratory Judgment Suit in anticipation of either Garcia's amendment of the Copyright Suit or Garcia's filing of the Patent Suit.  In addition, Garcia surmises that its notice to the Georgia court spurred SSI to file the Declaratory Judgment Suit.  Interestingly, SSI really does not dispute the fact that its Declaratory Judgment Suit was filed in anticipation of Garcia's Patent Suit. *See* Docket No. 23 at 13 (stating that even if the Declaratory Judgment Suit was "somewhat anticipatory," this is a "characteristic that can be attributed to every declaratory judgment action.").  Given SSI's concession, as well as the timing of the entire affair, the Court concludes that SSI's action was anticipatory so this first favor tips in Garcia's favor.

The second factor – the convenience and availability of witnesses – is neutral.  Garcia is based in Georgia, thus the Georgia court is more convenient for Garcia and its Georgia-based witnesses.  SSI is based in Indiana, thus, Indiana is more convenient for SSI and its Indiana-based witnesses.  Despite Garcia's arguments otherwise, this factor is a wash.

The third factor – the presence or absence of jurisdiction over all necessary or desirable

parties – is also neutral.  SSI notes that "SSI has not challenged the Georgia Court's jurisdiction

and Garcia has not challenged this Court's jurisdiction."  Docket No. 23 at 17 n.4.  Thus, this

factor does nothing to tip the scales in favor of either party's position.

The fourth factor – the possibility of consolidation with related litigation – favors

Garcia's position.  Dismissing SSI's Declaratory Judgment Suit and forcing the parties to litigate

in Georgia would facilitate consolidation of Garcia's Copyright and Patent Suits.  Indeed, as

Garcia notes, Georgia "offers the <u>only forum where all of the rights and obligations of the parties</u>

<u>can be resolved in a single lawsuit</u> (the first-filed copyright action can be supplemented or

consolidated with Garcia's more recent patent infringement suit in the same district)."  Docket

No. 17 at 9.  SSI's only response is a terse argument that the Copyright and Patent Suits are

"entirely different" so "there is no reason why it would be more efficient for the Georgia Court

to hear both issues in the same case."  Docket No. 23 at 17.  SSI also alleges that "the Copyright

Case will be dismissed" so there will be no claims to consolidate.  *Id*.  Although it is possible

that the Georgia court will dismiss the Copyright Suit for some unknown reason, this

hypothetical eventuality is simply not enough to justify maintaining jurisdiction over the

Declaratory Judgment Suit.

The fifth factor – other considerations relating to the real party in interest – is neutral.

Although Garcia notes that "Garcia is the real party in interest," Docket No. 25 at 8, it does not

explain how or why this factor should weigh in its favor.  Nor does SSI explain how this factor

may benefit its position.  Accordingly, the Court concludes that this factor is of little import in

the instant case.

The sixth and final factor – preservation of scarce judicial resources – is of critical importance.  As Garcia notes, "the Georgia court is the only one that can hear all of the issues surrounding the sales by Syndicate of the subject glass vases (which are accused of infringing Garcia copyrights and a Garcia patent)."  Docket No. 17 at 9.  In response, SSI notes only that "there is no evidence" that "it would be more efficient for the Georgia Court to hear both the copyright issues and the patent issues."  Docket No. 23 at 17.  SSI argues that because the issues in the Patent Suit differ from the issues in the Copyright Suit, "there is no reason why it would be more efficient for the Georgia Court to hear both issues in the same case."  *Id*.  However, SSI's argument ignores the fact that both the Patent and Copyright Suits deal with the same vase.  Simply put, it seems to this Court to be a waste of scarce judicial resources for two different courts to adjudicate the parties' intellectual property issues relating to the same vase.  SSI also posits that the Copyright Suit will be "properly dismissed" in short order, but, as noted above, this is merely SSI's speculation.  This Court will not maintain jurisdiction over the Declaratory Judgment Suit based on a party's mere hope or desire that another case will be dismissed.

Based on its application of the convenience factors, the Court concludes that although Indiana is the location of the first-filed suit, it is not the most appropriate forum.

<u>**CONCLUSION**</u>

For the forgoing reasons, the Defendant's Motion to Dismiss or Stay (Docket No. 17) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED:   08/03/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

7

Copies to:

Kregg T. Brooks
Ice Miller LLP
kregg.brooks@icemiller.com

Arthur A. Gardner
Gardner Groff Greenwald & Villanueva, PC
2018 Powers Ferry Road
Atlanta, GA 30339

Anthony Nimmo
Ice Miller LLP
anthony.nimmo@icemiller.com

Deborah  Pollack-Milgate
Barnes & Thornburg
dmilgate@btlaw.com

Mark Christopher Reichel
Ice Miller LLP
mark.reichel@icemiller.com

Jennifer Lynn Schuster
Barnes & Thornburg LLP
jschuster@btlaw.com

Joseph W. Staley
Gardner Groff Greenwald & Villanueva, PC
2018 Powers Ferry Road
Atlanta, GA 30339

Michael A. Wukmer
Ice Miller LLP
michael.wukmer@icemiller.com